UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
MAR 1 2 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CAROLINE M. GORS | \* | CIV. 12-4162 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| | \* | (Plaintiff's Motions for Attorney's Fees) |
| | \* | Docs. 17 and 21 |
| CAROLYN M. COLVIN, | \* | |
| Acting Commissioner of Social Security, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are Plaintiff's Motions for Attorney's Fees and Costs (Doc. 17 and 21). Plaintiff requests an award of attorney's fees in the amount of $7,578.48 [1] inclusive of sales tax, pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412(d), as well as expenses (excluding those expenses already recovered pursuant to a Bill of Costs)[2] of $17.25 pursuant to 28 U.S.C. § 2412(a). The amounts are requested to be paid directly to Plaintiff's attorney pursuant to her written agreement with him (See Doc. 17-1). The Government has filed an objection. Doc. 19.

## BACKGROUND

Plaintiff filed a claim for disability insurance benefits. After an Administrative Law Judge (ALJ) denied benefits and the Appeals Council denied review, Plaintiff appealed the ALJ's decision to this Court pursuant to 42 U.S.C. § 405(g). Plaintiff sought reversal of the Commissioner's final decision or remand of the case for a further hearing, and an award of attorney's fees under the EAJA on the grounds that the Commissioner's action was not substantially justified. (Doc.1). After the

---

[1] These amounts include the original amount requested in Plaintiff's Motion (Doc. 17) and the amount requested in Plaintiff's Supplemental Motion (Doc. 21), which incorporated the time Plaintiff's counsel spent preparing a response to the Commissioner's resistance to his Motion for Attorney's Fees.

[2] Plaintiff has already filed a Bill of Costs in the amount of $350, which represents the amount of the filing fee. *See* Doc. 16.

Plaintiff filed her Motion for Summary Judgment along with a supporting Brief, and copies of documents which had been presented to but not considered by the Appeals Council and a Motion to Seal those documents, (Docs. 9, 10, 11 & 12), the Commissioner moved to remand to the agency for further consideration. (Doc. 13). On January 28, 2013, the District Court entered an Order granting the Commissioner's Motion for Remand, and remanded the case to the Commissioner pursuant to § 405(g). Doc. 14 and Doc. 15.

On February 21, 2013, Plaintiff's attorney filed this motion requesting an award of attorney's fees and costs pursuant to EAJA. The time record for attorney Steven Pfeiffer, setting forth the time he spent on this social security appeal, is attached to the Motion. Doc. 17. Pfeiffer filed the supplemental Motion with supporting documentation on March 8, 2013. Doc. 21.

## DISCUSSION

Pursuant to EAJA, a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other that cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff timely filed her petition for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(B) (within thirty days after final judgment). Accordingly, Plaintiff's attorney is entitled to fees and expenses if (1) Plaintiff was the prevailing party; and (2) the Commissioner's position was not substantially justified.

The Supreme Court has held that a social security claimant who obtains a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency is a "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The Court's January 28, 2013 Order was entered pursuant to sentence four of § 405(g). Upon entry of the January 28 Order, Plaintiff became a prevailing party entitled to seek attorney's fees under EAJA. *Id.*

2

The Commissioner bears the burden of proving her position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). Substantially justified in this context does not mean the same thing as substantial evidence in the context of the underlying proceeding. Here substantially justified means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) *quoting Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The standard is whether the Commissioner's position is well founded in law and in fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003); *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). The Commissioner's position must be substantially justified at both the administrative and litigation levels. *Iowa Express Distribution, Inc. v. NLRB*, 739 F.2d 1305, 1309 (8th Cir. 1984). In this case it appears the reason for remand was the unexplained failure of the Appeals Council to consider evidence which was presented for its review. The Commissioner has presented no argument that this failure by the Appeals Council was substantially justified.

The Court must next determine whether the amount requested by Attorney Pfeiffer is reasonable pursuant to 28 U.S.C. § 2412(d)(2)(A) and/or whether "special circumstances" exist which make the award of the fees as requested unjust in this instance pursuant to 28 U.S.C. § 2412(d)(1)(A). The Commissioner asserts Pfeiffer's time spent on the file after becoming aware of the *possibility* the case may be remanded to the agency because of Appeals Council's failure to review pertinent records should not be compensated. Those hours, the Commissioner asserts, were unreasonably spent and constitute "special circumstances" which render his request for fees unjust.

The Court has carefully reviewed the docket and Attorney Pfeiffer's time records. It appears Attorney Pfeiffer first tried to communicate on January 4, 2013 with opposing counsel about the material which was not considered by the Appeals Council. Further communications occurred on January 7, 8, 14, 15 and 16. Pfeiffer had already made one motion to continue, which was granted. His opening Brief was due on February 1, 2013. Counsel for the Government explains that as of January 8, the Agency was "in the process" of (1) deciding whether consideration of the omitted documents was appropriate and (2) whether remand was appropriate. Pfeiffer filed Plaintiff's

3

opening Briefs and accompanying documents on January 21, 2013. The Commissioner moved to remand on January 24, 2013. The Commissioner does not contend the decision to move for remand had been made at any time *before* Pfeiffer filed Plaintiff's opening Brief and accompanying documents or that if the decision had been made, that Attorney Pfeiffer had been notified of the decision. Under these circumstances, and in the absence of any commitment from opposing counsel regarding whether review of the documents was appropriate or request for a remand would be forthcoming, it was reasonable for Attorney Pfeiffer to continue preparing the opening Brief and accompanying documents.[3] No "special circumstances" make the award of attorney's fees, as requested, unjust.

The Court has carefully reviewed the time record submitted by Attorney Pfeiffer and finds that the time expended and the hourly rates are reasonable. The award of attorney fees shall constitute a complete release from and bar to any claims Plaintiff may have relating to EAJA fees and expenses arising out of this social security appeal.

The Commissioner also objects to payment of the fees and expenses directly to Attorney Pfeiffer in light of *Astrue v. Ratliff,* 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). In *Ratliff* the United States Supreme Court found that EAJA fees are payable to the litigant and are therefore subject to a Government offset to satisfy a pre-existing debt the litigant owes to the United States. In this case, the Plaintiff has assigned her EAJA fees to Attorney Pfeiffer. Post-*Ratliff* the approach of most courts has been to honor such fee assignments in the absence of the litigant's pre-existing debt to the United States. *See, e.g. Walker v. Astrue,* 2011 WL 1297744 (M.D. Ala.) (*Ratliff* does not explicitly reject the practice of awarding fees to attorneys where litigant has assigned them "in cases where the plaintiff does not owe a debt to the government . . ."); *Wigginton v. Astrue,* 2011 WL 1253898 (E.D. Ark.) (same); *Blackwell v. Astrue,* 2011 WL 1077765 (E.D. Cal.) (same); *Spaulding v. Astrue,* 2011 WL 1042580 (N.D. Ill.) (same); *Dornbusch v. Astrue,* 2011 WL 779781 (D. Minn.) (same); *Bates*

---

[3]. Although the Brief was filed before the deadline, the Court accepts Pfeiffer's representation that because of his work load and pending deadlines in other cases, placing Plaintiff's case "on hold" pending a decision by the Commissioner regarding whether to request remand was not a reasonable option.

4

*v. Commissioner*, 2011 WL 2149349 (N.D. Ohio) (same). This common sense approach is adopted by the Court.

## ORDER

Accordingly, IT IS ORDERED:

1. The EAJA provides for an award of attorney's fees to a prevailing party, other than the United States, unless the Court finds the position of the United States was substantially justified or special circumstances make an award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

2. The Court finds the Commissioner's position in this case was not substantially justified and there are no special circumstances that would make an award of fees as requested unjust.

3. The Motions for attorney fees and expenses (Doc. 17 and Doc. 21) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) are GRANTED and Plaintiff is awarded attorney fees in this social security appeal in the total amount of $7,578.48 inclusive of state and local sales tax, and expenses of $17.25. This award is without prejudice to Plaintiff's right to seek attorney's fees pursuant to section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. Such award shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. Further, such award shall not be used as precedent in future cases.

4. Plaintiff has signed an affidavit assigning her right to EAJA fees to her attorney, Steven Pfeiffer, Esq. However, pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2531, 2524 (2010), EAJA fees are payable to Plaintiff as litigant and subject to offset pre-existing debts Plaintiff may owe to the United States. Accordingly, the Commissioner will verify whether Plaintiff owes a debt to the United States that is subject to offset. If there is no debt owed by the Plaintiff, the fee will be made payable to Plaintiff's attorney based on the assignment.

Dated this **12** day of March, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

5